UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL DAVID, § | | |
|    Plaintiff, § | | |
| § | | |
| vs. § | | CA C-04-299 |
| § | | |
| TEXAS DEPARTMENT OF CRIMINAL § | | |
|  JUSTICE, ET AL., § | | |
|    Defendants. § | | |

### MEMORANDUM AND RECOMMENDATION TO DISMISS MOTION FOR ENFORCEMENT OF SETTLEMENT AGREEMENT DUE TO LACK OF JURISDICTION

#### Background

Plaintiff is an inmate at the Texas Department of Criminal Justice - Criminal Institutions Division (TDCJ-CID), currently assigned to the Price Daniel Unit in Snyder, Texas. He filed this lawsuit on June 1, 2004, alleging that defendants at the McConnell Unit in Beeville, Texas, had violated rights secured by the United States Constitution when they failed to protect him from harm by other inmates (D.E. 1). After counsel was appointed for plaintiff, the case settled. A joint motion to dismiss was filed, and the case was dismissed with prejudice on July 6, 2006 (D.E. 90, 91). The parties' settlement agreement was not attached to the agreed motion to dismiss and was not incorporated into the dismissal order; nor did the District Court explicitly retain jurisdiction to enforce the parties' settlement agreement.

On February 20, 2009, plaintiff filed a motion to enforce the settlement agreement (D.E. 92). The Attorney General filed a response on March 31, 2009 (D.E. 94), to which plaintiff responded on April 13, 2009 (D.E. 95).

## **Jurisdiction**

Plaintiff seeks enforcement of a settlement agreement he entered into with TDCJ. "'[E]nforcement of a settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.'" *Hospitality House, Inc. v. Gilbert,* 298, F.3d 424, 430 (5th Cir. 2002) (quoting *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 378, 114 S.Ct. 1673 (1994)). A court has an independent jurisdictional basis to enforce a settlement agreement only if the parties' settlement agreement as been made a part of the order of dismissal, which can be done by including a separate provision retaining jurisdiction over the settlement agreement or by incorporating the terms of the settlement agreement in the order. *Id.*

Here, the order dismissing the lawsuit with prejudice does not incorporate the parties' settlement agreement. The district court did not retain the authority to enforce the settlement agreement. There is no independent basis for federal jurisdiction. If plaintiff wants a court to enforce his settlement agreement, he must file a breach of contract lawsuit in state court. *Hospitality House*, 298 F.3d at 434.

## **Recommendation**

Based on the foregoing, it is respectfully recommended that plaintiff's motion to enforce the judgment (D.E. 92) be dismissed for want of jurisdiction.[1]

Respectfully submitted this 18th day of April, 2009

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is now complaining of constitutional violations and retaliatory acts committed by officials at the Price Daniel Unit in Snyder, Texas. Snyder, Texas, is in Scurry County, which is located in the Lubbock Division of the Northern District of Texas. 28 U.S.C. § 124(a)(7). If plaintiff wants relief from these violations, he may file a lawsuit in the Lubbock Division of the Northern District of Texas after exhausting his administrative remedies.

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).